Veronica D. Frederick, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 4, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*David M. Priselac,* for petitioner.

*Michael Klein,* Assistant Attorney General, with him *Charles G. Hasson,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., June 6, 1978:

This is an appeal from a decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits to petitioner (claimant) on the ground that she voluntarily terminated her employment "without cause of a necessitous and compelling nature," pursuant to Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). We affirm.

Claimant had been a clerical employee of the City of McKeesport (City) for approximately seven years. For several weeks prior to February 1976, she was continually transferred through a series of several different clerical jobs with the City, a situation which caused her to become nervous and upset and visit her physician. On February 19, 1976, claimant suddenly left her job, stating that she "just couldn't take it any more." Her physician advised her either to resign or go on sick leave and the City placed her on sick leave indefinitely until she was released by the physician. On May 16, 1976, while she was still on the sick leave, and without further advice from her physician to quit as opposed to remain on sick leave, claimant submitted her resignation. Her physician released her on July 13, 1976, "to find another job with less pressure."

Claimant's application for benefits was denied by the Bureau of Employment Security. After a referee's hearing at which claimant was the only witness, benefits were again denied. On appeal, the Board upheld the denial, ruling that by resigning when she was still on the indefinite sick leave, as opposed to waiting until her physician released her and then requesting work from the City with less pressure, claimant "failed to exhaust every effort to preserve the employer-employee relationship." This appeal followed.

We agree with the Board that, under the circumstances, the claimant's decision to resign when she did prevents her from proving that her termination was for a "necessitous and compelling" cause. The record shows that the only advice of her physician throughout her treatment was to quit or obtain a leave of absence. The City granted her leave of indefinite duration (terminable only when her physician released her) which was, of course, still fully in effect when she suddenly decided, on her own, to resign. Because such leave was

granted for the duration of her condition, claimant cannot prove that "adequate health reasons existed *to justify termination*" when she resigned as would permit her to come within our Supreme Court's recent decision in *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 556, 381 A.2d 132, 136 (1977). (Emphasis added.) Nor does the record support claimant's assertion that a superior pressured her into resigning when she did.[1]

Accordingly, we will enter the following

ORDER

Now, June 6, 1978, the decision of the Unemployment Compensation Board of Review, Decision No. B-139589, dated January 12, 1977, is hereby affirmed.

---

[1] The only evidence of such alleged "pressure" is claimant's testimony that at some point between February 19, 1976 and May 16, 1976 an individual, apparently claimant's superior, had told her that she had to work in the job where she was needed and at some point between February 19, 1976 and May 16, 1976, approached her and said, "Well, when are you coming back?"